UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE GRAY, et al., | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:07CV00881 ERW |
| | ) |
| CITY OF VALLEY PARK, MISSOURI, | ) |
| | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Reconsideration or Clarification [doc. #111].

This Court held a hearing on October 5, 2007, to address Plaintiffs' Motion to take additional depositions. The Court subsequently granted Plaintiffs' Motion in part, and Denied it in part. In ruling on the pending motion, the Court specifically articulated the discovery that was permitted. The Court ruled that a Rule 30(b)(6) deposition, addressing the enactment of the ordinance at issue,[1] would not be effective, as no individual could be named who could provide the required information. The Court further ruled that a deposition of the City Attorney addressing the issue would be inappropriate, as the City Attorney is also counsel of record in this case. Therefore, the Court ordered that Plaintiffs could propound ten interrogatories, to which the Defendant would promptly respond, in order to clarify any remaining questions regarding the ordinance's enactment. Plaintiffs now assert that this Court's order failed to provide an avenue, specifically a Rule 30(b)(6) deposition, to address the enforcement provision of the ordinance in

---

[1] City of Valley Park Ordinance No. 1722.

1

question; Plaintiffs now request an order clarifying this Court's prior order to include a Rule 30(b)(6) deposition on the subject of enforcement.

Plaintiffs primarily rely upon language in their Memorandum in Support of their Motion for Continuance, which stated that additional discovery was required on the subject of enactment and therefore the Court should postpone its ruling on Defendant's Motion for summary judgment, as the basis for their argument that such discovery should be permitted. *Pls. Memo. in Support of Pls. Mot. for Continuance*, p. 7. This Court granted Plaintiffs' Motion for a continuance in its October 5, 2007 order. However, the Court made clear during oral arguments on Plaintiffs' Motion for Continuance, and in the order that followed, that discovery would be limited to the additional depositions requested by Plaintiffs, and the City Attorney, actively representing the City, would not be provided for deposition. The Court further ordered that Plaintiffs could propound additional interrogatories, in place of a Rule 30(b)(6) deponent. Plaintiff had already deposed City officials; the only official Plaintiff proposed to depose as a Rule 30(b)(6) witness was the City Attorney, and this Court will not permit either party to depose an attorney actively representing a party. In the absence of naming another 30(b)(6) witness, the Court ordered interrogatories to be answered to permit Plaintiffs to obtain the information requested. The Court does not at this time see any reason for reconsidering, or clarifying its October 5, 2007 order.

Both parties additionally raise the issue of whether discovery regarding enforcement is necessary, due to the nature of Plaintiffs' due process claims. The Court will not, at this time, address in detail the nature of Plaintiffs' claims, as they are the subject of two pending motions for summary judgment. All issues relating to Plaintiffs' substantive claims will be discussed in detail in this Court's summary judgment ruling. If there remains material issues of fact for trial, the Court will address at that time any additional discovery requests.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration/Clarification [doc. #111] is **DENIED**.

Dated this 13th Day of November, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE